# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| DAWN A. CARTER,<br><br>        Plaintiff,<br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>        Defendant. | Case No: 2:18–cv–01415–GMN–VCF<br><br>**REPORT & RECOMMENDATION** |

This matter involves Plaintiff Dawn A. Carter's appeal from Defendant Nancy A. Berryhill's final decision denying Carter's social-security benefits. (ECF No. 1-1). Before the Court is Carter's Motion to Remand (ECF No. 14). In response, Berryhill filed an opposition and Cross Motion to Affirm (ECF No. 15 & 16).

## I. BACKGROUND

This case arises under Title II of the Social Security Act. On September 14, 2014, Dawn A. Carter filed her application for a period of disability, disability insurance benefits, and supplemental security income under the Social Security Act, 42 U.S.C. §§ 416, 423. (*See* Admin. Rec. at 344-345). Carter's applications were denied upon initial determination. *Id*. at AR 256-261. Carter requested the Appeals Council review the ALJ's decision and the Appeals Council denied the request for review on April 8, 2018. AR 263-265. Carter requested a de novo hearing before an Administrative Law Judge on April 23, 2015. AR 266-267. The Commissioner selected ALJ Gary L. Vanderhoof to preside over the matter. AR 281-301. ALJ Vanderhoof conducted the oral hearing on April 25, 2017. AR 41- 67. ALJ

1

Vanderhoof published an unfavorable decision on June 13, 2017. AR 20- 40. Carter requested that the Appeals Council review the decision by ALJ Vanderhoof on August 9, 2017. AR 340-343. The Appeals Council denied the request for review on June 5, 2018. AR 1-6. On that date the decision became final.

On July 31, 2018, Carter filed a Complaint with the District Court of Nevada seeking judicial review of the ALJ's decision. (ECF No. 1-1).

## II. STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. Const. amend. V. Social security applicants and recipients have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a person benefits, the District Court must review the Commissioner's decision to determine whether it accords with the Due Process Clause. *Eldridge*, 424 U.S. at 340; 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence).

If the evidence supports more than one interpretation, the court must uphold the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

**Discussion:**

Plaintiff challenges the ALJ's findings. Plaintiff states that (1) the ALJ improperly rejected Plaintiff's testimony concerning pain, symptoms, and level of limitation, and the ALJ improperly relied on the vocational expert's testimony. (ECF NO. 14).

The Commission argues that the ALJ properly rejected Plaintiff's testimony concerning pain, symptoms, and level of limitation and properly relied on the vocational expert's testimony.

**Plaintiff's Testimony and Credibility:**

If the ALJ decides to discount the claimant's testimony regarding his or her subjective symptoms, the ALJ must engage in a two-step analysis before finding the claimant's testimony lacks credibility. SSR 96–7p; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (internal quotation marks omitted). The claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). Second, if the claimant meets this first test, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms by offering specific, clear and convincing reasons for doing so." *Id.* at 1281. In weighing a claimant's credibility, the

ALJ may consider factors such as (1) objective medical evidence; (2) reputation for truthfulness; (3) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (4) inconsistencies in testimony or between testimony and conduct; (5) the claimant's daily activities; (6) and the claimant's treatment history. SSR 96-7p; *see also Orn v. Astrue*, 495 F.3d 625, 636-639 (9th Cir. 2007); *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). If the "ALJ's credibility finding is supported by substantial evidence in the record, [a court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ applied the two-step procedure that is required to discount a claimant's testimony. (*See* Admin. Rec. at 26). First, the ALJ identified an underlying medically determinable impairment: systemic lupus erythematosus, degenerative disc disease of the cervical spine, osteoarthritis, hypertension, paroxysmal atrial fibrillation and hypertensive heart disease, controlled on medication, and depressive disorder with anxiety. The ALJ notes that Carter has a determinable impairment of Raynaud's syndrome which causes a slight abnormality that would have a minimal effect on her ability to work. *Id.* Second, the ALJ evaluated the intensity, persistence, and limiting effects of Carter's symptoms. *Id* at 27. The ALJ identified several reasons for rejecting Carter's testimony. The ALJ states that Carter's activities of daily living are "not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." AR 29-30. Plaintiff's daily activities were inconsistent with her subjective statements regarding her limitations. The ALJ cites to activities including "some" ability to care for pets at home, do light household chores, prepare simple meals, drive a car, go out alone, and shop in stores with her husband. AR 30. The ALJ states that Carter read books, watched television, spent time with a friend once a month, handled stress well and denied the need for handheld assistive device. The ALJ states that it appears that despite Carter's alleged impairments and limitations, the Carter was capable of a level of

daily activities, mental functioning and interactions that fall well within the residual functional capacity. *Id* at 30.

Carter argues that the ALJ erred in concluding that she is not disabled because the ALJ "failed to explain how Carter's activities of daily living are inconsistent with her testimony or with a disability." (ECF No. 14). Carter also argues that the ALJ erred because the ALJ did not provide specific, clear, and convincing reasons for rejecting a claimant's testimony. Carter claims the ALJ simply recited the medical evidence in support of his residual functional capacity determination. The ALJ must point to specific testimony and specific reasons for rejecting the testimony.

The court agrees that the ALJ failed to give clear and convincing reasons for rejecting the testimony of Plaintiff. The ALJ discusses Plaintiff's medical records in detail for the years of 2011, 2012, and 2014; however, the ALJ states that, "the record shows no evidence of treatment in 2013, including that of emergency room visits or treat at low-cost medical clinics for exacerbations of symptoms." AR 30. The ALJ states that Carter returned to medical care in May 2014. *Id.* This is simply not accurate. The ALJ failed to consider and review over a year of Plaintiff's medical records. In 2013, Plaintiff was seen by Southwest Medical Associates. Plaintiff treated at least seven times on this record at Southwest Medical Associates between January 2013 to April 2014. AR 600-616. In January 2013, Plaintiff treated for medication refills related to insomnia, depression with anxiety, atrial fibrillation, joint pain in the toes, and cervical disc degeneration. AR 614. Plaintiff was seen for medication refill in May 2013. AR 611. Her medication included alprazolam and citalopram for depression and anxiety, and hydrocodone for neck and back pain. AR 611. She treated for hemorrhoids and medication refills in August 2013. AR 608. Plaintiff had an annual exam performed in September 2013. AR 607. She followed up with her history of lupus and hemorrhoids in November 2013. AR 604-605. Plaintiff underwent a colonoscopy in December

2013. AR 620. Carter underwent blood tests in July and December 2013. AR 580-581, 604. Carter received treatment in January and April 2014. AR 600-601, 602-603.

Since the ALJ has not reviewed these medical records, this matter must be remanded for further proceedings to determine whether clear and convincing reasons exist for discounting Carter's testimony.

**Whether the ALJ Properly Relied on the Vocational Expert's Testimony**

The ALJ accepted the vocational expert's testimony stating that it "was based on his training, education and experience in the field of vocational rehabilitation and finds that the vocational expert's testimony is otherwise consistent with the information contained in the Dictionary of Occupational Titles." AR 33. Carter argues that the ALJ failed to reconcile an apparent conflict between his residual functional capacity findings and the requirements of the jobs identified by the vocational expert. At Step Five of the sequential evaluation, the Commissioner has the burden to identify specific jobs existing in substantial numbers in the national economy that the claimant can perform despite their identified limitations. *See Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). To do so, the ALJ may rely on the testimony of a vocational expert, and the information in the DOT. *Id.* at 845-846.

Here, the vocational expert erroneously cited to DOT code that belongs to the occupation of order clerk, food and beverage but not to that of a general office clerk. *See* DOT 209.567-014, 1991 WL 671794 (4th ed. 1991). When a conflict exists between the vocational expert's testimony and the information in the DOT, the ALJ must reconcile the inconsistency. *Id.* (*citing Massachi v. Astrue*, 486 F.3d 1149, 1153-1154 (9th Cir. 2007). The ALJ must ask the vocational expert to explain any conflict and determine whether the explanation is reasonable before relying on the vocational expert's testimony. *Id.*; Social Security Ruling 00-4P, 2000 WL 1898704, at *2 (Dec. 4, 2000).

The ALJ failed to ask the vocational expert to explain the discrepancy that exists between the vocational expert's testimony and the information in the DOT. The vocational expert stated that Carter

could perform work as a general office clerk, at DOT code 209.567-014 with the limitations assessed by the ALJ. AR 64. The court finds that an error exists when the vocational expert erroneously cited to DOT code that belongs to the occupation of order clerk, food and beverage but not to that of a general office clerk.

**Remand**

The Court recommends the case be remanded to the agency for further administrative proceedings. When the Court finds an ALJ erred in denying social security benefits, ordinarily the Court "must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 874 F.3d 1130 at *5 (9th Cir. 2017, amended Jan. 25, 2018) (*citing Treichler v. Comm'r of SSA.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). The "credit-as-true," rule permits a direct award of benefits on review in rare circumstances. *Id.* at *3. Under the three-part rule, the Court first considers whether the "ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Id.* at *6 (*quoting Garrison*, 759 F.3d at 1020). This step is met for the reasons set forth above. At the second step, the Court considers whether there are "outstanding issues that must be resolved before a disability determination can be made" and whether further administrative proceedings would be useful. *Treichler*, 775 F.3d at 1101. "In evaluating this issue, [the Court] consider[s] whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules." *Id.* at 1103-1104. "Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Id.* at 1105. Because the ALJ's findings regarding the claimant's subjective testimony are inadequate, remand for further findings on credibility is appropriate. *See Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995). Therefore, the Court finds further administrative proceedings are necessary and recommends the case be remanded. Having reviewed the Administrative Record as a

whole, the Court finds that the ALJ's decision is not wholly supported by substantial evidence and recommends the case be remanded.

Accordingly, and for good cause shown,

IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Reversal and/or Remand (ECF No. 14) be GRANTED and the case REMANDED, and the Commissioner's Cross-Motion to Affirm (ECF No. 15 & 16) be DENIED.

IT IS SO RECOMMENDED.

DATED this 1st day of August, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE